**Entered on Docket**
**July 07, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: July 07, 2006**

_____

**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                      No. 05-44325 TM
                                           Chapter 7
ABDULLAH QARI and RAHELA
JALAL QARI,

                Debtors.
_____/

### MEMORANDUM OF DECISION RE MOTIONS TO AVOID JUDICIAL LIENS

The above-captioned debtors (the "Debtors") filed motions to avoid the judicial liens of Patelco Credit Union ("Patelco") on their residence (the "Residence") on the ground that the liens impaired their homestead exemption.  See 11 U.S.C. § 522(f)(1)(A).  Patelco opposed the motion and asked the Court, if it granted the motion, to stay the effectiveness of the order until its nondischargeability proceeding was completed.  The Debtors opposed this request on the ground that there was no legal basis for doing so and to do so would

interfere with their pending sale of the Residence.[1]  The Court took the motions under submission.

Having reviewed the filings in the case and the applicable law, the Court agrees with the Debtors that there is no legal basis for delaying the effectiveness of an order granting a motion to avoid a judgment lien under 11 U.S.C. § 522(f) on the ground that the claim underlying the judgment is or may be determined to be nondischargeable.  The Court will grant the motion as to the more junior of the two judgment liens.  However, the Court is unable to grant the motion as to the more senior of the two judgment liens at this time due to the Court's uncertainty as to the amounts of the other liens on the Residence.

The Debtors contended that Patelco's judgment liens should be avoided in their entirety.  According to the Court's calculations, using the numbers set forth in the Debtors' motions, $18,000 of the senior Patelco judgment lien was not avoidable.  The difference appears to relate to a scheduled judgment lien in favor of Safe Credit Union ("Safe") which is not mentioned in the Debtors' motions (although it is mentioned in Patelco's opposition to the motions).  The Court is uncertain whether the Safe judgment lien is still or ever was a valid lien on the Residence.

---

[1]The Debtors scheduled the value of the Residence at $570,000 and, in support of their motions, provided an appraisal as of the petition date supporting this valuation.  At the hearing on the motions, they informed the Court that they have entered into an agreement to sell the Residence for $725,000.

2

The Court notes that, in the fall of 2005, the Debtors filed an adversary proceeding against Safe contending that the Safe judgment lien did not attach to the Residence because the judgment was only against Mr. Qari whereas the Residence is held in the sole name of Mrs. Qari. This proceeding was apparently settled and the adversary proceeding dismissed. Even if the Safe lien is a valid judgment lien against the property, depending on the terms of the settlement, the Debtors may be judicially estopped from relying on the Safe judgment lien to avoid the senior Patelco judgment lien in its entirety.[2]

In addition, the Court notes that the Debtors are under the misapprehension that they are empowered to sell the Residence at this time. They are not. The Residence is still property of the estate which only the chapter 7 trustee (the "Trustee") can sell. See 11 U.S.C. § 363(b)(1).[3] Any value of the Residence in excess of the

---

[2]At the hearing, Patelco explained that, in its view, the Safe judgment lien, which it contended was recorded after its judgment liens, could not be included in the calculation. The Debtors argued that, in any event, the Safe judgment lien was recorded before the Patelco judgment liens. However, neither party could supply the Court with support for their position as to when the Safe judgment lien was recorded. Having reviewed the underlying filings, the Court notes that, according to the Debtors' filings, the Safe judgment lien was recorded after the Patelco judgment liens. However, Patelco's contention that, in calculating whether a judgment lien impairs a homestead exemption, junior liens are not counted is clearly in error. See 11 U.S.C. § 522(f)(2)(A). The case cited by Patelco in support of its contention, In re Silveira, 141 F.3d 34 (1st Cir. 1998), is inapposite.

[3]In their motions, the Debtors state that the Trustee has "effectively" abandoned the Residence. By this, they apparently mean that he should be treated as having abandoned it. The Trustee has not affirmatively abandoned the Residence by noticing his intention to do so to creditors, and the case has not been closed. Therefore, the Residence is still property of the estate. See 11

3

liens against the Residence, the Debtors' exemption, and the costs of sale belong to the bankruptcy estate.  <u>See</u> <u>In re Hyman</u>, 967 F.2d 1316, 1321 (9th Cir. 1992); <u>In re Reed</u>, 940 F.2d 1317, 1321, n.3 (9th Cir. 1991).  The Trustee is advised to investigate whether he wishes to adopt the Debtors' proposed sale of the Residence for the benefit of the estate.

END OF DOCUMENT

---

U.S.C. § 554(a),(c),(d).

4

COURT SERVICE LIST

Edward O. Lee
152 Anza St., Ste. 101
Fremont, CA 94539

Spencer P. Scheer
Scheer & Imfeld, LLP
100 Smith Ranch Rd., Ste. 306
San Rafael, CA 94903

Paul Mansdorf
4071 San Pablo Dam Rd., #433
El Sobrante, CA 94803

5